79 NY2d 561, 573). Defendant also failed to preserve for our review his contention that County Court erred in failing to conduct a ·hearing to determine the nature and scope of defendant's alleged cooperation agreement with police (*see, People v Argentine*, 67 AD2d 180). Defendant never moved to dismiss the indictment based on that alleged agreement (*cf., People v Fraisier*, 253 AD2d 437; *People v Gupta* [appeal No. 3], 80 AD2d 743).

The verdict convicting defendant of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Finally, in light of defendant's prior criminal history, including convictions for prior drug related offenses, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Hayes, Hurlbutt, Scudder and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY L. CAMPANY, Appellant. [698 NYS2d 367] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the verdict is against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Walker*, 175 AD2d 146, *lv denied* 78 NY2d 1131). We also reject the contention that the discrepancy between the date of the sexual abuse alleged in the 11th count of the indictment (March 1996) and the evidence at trial of that conduct (February 1996) deprived defendant of fair notice of the accusation against him (*see, People v Cunningham*, 48 NY2d 938, 940; *People v Morgan*, 246 AD2d 686, *lv denied* 91 NY2d 975; *People v Glover*, 185 AD2d 458, 459-460; *cf., People v Bigda*, 184 AD2d 993). Defendant failed to preserve for our review his contention that the verdict is repugnant (*see,* CPL 470.05 [2]; *People v Alfaro*, 66 NY2d 985, 987; *People v Hird*, 261 AD2d 953), and, in any event, that contention lacks merit (*see, People v Trappier*, 87 NY2d 55, 58; *People v Tucker*, 55 NY2d 1, 8, *rearg denied* 55 NY2d 1039). Defendant was not deprived of effective assistance of counsel; his attorney afforded him meaningful representation (*see, People v Hobot*, 84 NY2d 1021, 1022; *see also, People v Benevento*, 91 NY2d 708, 712-713; *People v Rivera*, 71 NY2d 705, 708-709). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Lewis County Court, Clary, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Hayes, Hurlbutt, Scudder and Balio, JJ.

■ In the Matter of MARY A. SANTAMOUR-TARTAGLIA, Respondent, v ANTHONY J. VENETTOZZI, Appellant. (Appeal No.

1.) [701 NYS2d 765] —Order unanimously affirmed without costs for reasons stated in decision at Oneida County Family Court, Flemma, J.H.O. (Appeal from Order of Oneida County Family Court, Flemma, J.H.O.—Custody.) Present—Denman, P. J., Hayes, Hurlbutt, Scudder and Balio, JJ.

■ In the Matter of MARY A. SANTAMOUR-TARTAGLIA, Respondent, v ANTHONY J. VENETTOZZI, Appellant. (Appeal No. 2.) [701 NYS2d 765] —Order unanimously affirmed without costs for reasons stated in decision at Oneida County Family Court, Flemma, J.H.O. (Appeal from Order of Oneida County Family Court, Flemma, J.H.O.—Order of Protection.) Present—Denman, P. J., Hayes, Hurlbutt, Scudder and Balio, JJ.

■ In the Matter of VICTORIA BUTTO, Formerly Known as VICTORIA M. TWIETMEYER, Respondent, v DON H. TWIETMEYER, Appellant. [698 NYS2d 367] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Family Court erred in denying respondent's first and second objections and in failing to grant in its entirety respondent's fifth objection to the order of the Hearing Examiner granting petitioner an upward modification of child support. Petitioner failed to establish that the original amount of support to which the parties stipulated at the time of their divorce was inadequate to meet the child's needs (*see, Merl v Merl*, 67 NY2d 359, 362; *Matter of Brescia v Fitts*, 56 NY2d 132, 139-140; *Matter of Boden v Boden*, 42 NY2d 210, 213). The Hearing Examiner properly considered petitioner's loss of employment (*see, Matter of Brescia v Fitts, supra*, at 141). Petitioner, however, made only generalized claims that the child's needs have increased (*see, Matter of Tripi v Faiello*, 195 AD2d 958, *lv dismissed* 82 NY2d 803) and did not "provide specific dollar amounts of the increase in the cost[s] 'related to the [child's] basic necessities of food, shelter, clothing and medical and dental needs, as well as to the expenses associated with the [child's] varied interests and school activities' " (*McArthur v Bell* [appeal No. 2], 201 AD2d 974, 975, *lv dismissed* 83 NY2d 906, *lv denied* 85 NY2d 809).

Respondent also is entitled to reimbursement for day care expenses pursuant to the oral stipulation of the parties at the time of the divorce. We modify the order by granting respondent's first and second objections, by providing that petitioner is not entitled to an upward modification of child support and by vacating the first ordering paragraph of the order of the Hearing Examiner and by granting in its entirety respondent's fifth objection and awarding respondent $1,511.29 for unreim-